IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TARA ALECIA BYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:19-cv-00820-LSC |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Tara Alecia Byers ("Byers"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB"). Byers timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Byers was 48 years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a high school education. (Tr. at 57, 584.) Her past work experience includes employment as a cashier and a cook. (Tr. at

1

384.) Byers claims that she became disabled on March 1, 2016, as a result of several conditions including mixed incontinence, back pain, and high blood pressure. (Tr. at 58-60.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *Id.* The decision

depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.*

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of her past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent her from performing her past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find her not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find her disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Byers has not engaged in SGA since March 9, 2016, the date of her SSI application. (Tr. at 1132.) According to the ALJ, Byers's "scoliosis, urinary stress incontinence, aortic stenosis with valve replacement, pulmonary edema, kidney disease, depression, and anxiety disorder" are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 1133.) He did not find Byers's allegations to be totally credible, and the ALJ determined that Byers has the following RFC:

> [T]o perform sedentary work as defined in 20 C.F.R. § 416.967(a) except she can never climb ladders, ropes, and scaffolds. She can frequently kneel, crouch, and crawl. She can frequently reach bilaterally. She can occasionally be exposed to weather, humidity, extreme cold, extreme heat, and irritants such as fumes, odors, dust, and gases, poorly ventilated areas, and

4

chemicals. She can never be exposed to workplace hazards such as moving mechanical parts and high exposed places. She is limited to simple and routine tasks but not a production rate pace. She has the ability to make simple work-related decisions. She can tolerate occasional changes in the work setting. Work must allow up to 5% off-task due to need for additional bathroom breaks.

(Tr. at 1134-35.)

According to the ALJ, Byers has no past relevant work. (Tr. at 1138.) The ALJ also determined that Byers was a "younger individual age 45-49" at 46 years old. (*Id.*) The ALJ determined that the "transferability of job skills is not an issue because the claimant does not have past relevant work." (*Id.*) Because Plaintiff cannot perform the full range of sedentary work, the ALJ enlisted a vocational expert ("VE") and used Medical-Vocation Rules as a guideline for finding that there are a significant number of jobs in the national economy that Byers is capable of performing, such as document preparer, call out operator, and addresser. (*Id.* at 1139.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, since March 9, 2016, the date the application was filed." (*Id.*)

## II.     Standard of Review

This court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence'" *Parker*

*v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

### III. Discussion

Byers broadly argues that that ALJ erred in evaluating her subjective complaints, but the only specific contention she makes in this regard is that the ALJ did not consider her claims of dizziness as a side effect from her medications.

Byers's subjective complaints alone are insufficient to establish a disability. *See* 20 C.F.R. §§ 404.1529(a), 416.926(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The Eleventh Circuit applies a two-part pain standard when a plaintiff claims disability due to pain or other subjective symptoms. The plaintiff must show evidence of the underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the first part of the pain standard is satisfied, the ALJ then evaluates the intensity and persistence of Plaintiff's alleged symptoms and their effect on his ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); *Wilson*, 284 F.3d at 1225–26. In evaluating the extent to which the Plaintiff's symptoms, such as pain, affect his capacity to

perform basic work activities, the ALJ will consider (1) objective medical evidence, (2) the nature of Plaintiff's symptoms, (3) the Plaintiff's daily activities, (4) precipitating and aggravating factors, (5) the effectiveness of medication, (6) treatment sought for relief of symptoms, (7) any measures the Plaintiff takes to relieve symptoms, and (8) any conflicts between a Plaintiff's statements and the rest of evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), (4), 416.929(c)(3), (4); SSR 16-3p. In order to discredit Plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons." *See Dyer*, 395 F.3d at 1210.

A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548–49 (11th Cir. 1985), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit will not disturb a clearly articulated finding supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard. "The question is not . . .

whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Here, the ALJ noted that the impairments underlying Byers's medical conditions could be reasonably expected to cause her alleged symptoms and functional limitations, satisfying the first part of the pain standard. (Tr. at 1135.) However, the ALJ found that Byers's statements concerning the intensity, persistence, and limiting effects of these alleged symptoms were not entirely credible by pointing to explicit evidence that was inconsistent with her subjective complaints. (*Id.*) The ALJ covered a variety of evidence to support his conclusion, including objective medical evidence and lack of treatment history. (Tr. at 1135-38.) Again, the only challenge Plaintiff makes with regard to this finding is that the ALJ did not mention her allegations of dizziness caused by her medications.

However, Byers's claim fails for several reasons. First, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable a reviewing court to conclude that the ALJ considered the claimant's medical condition as

10

a whole.'" *Mitchell*, 771 F.3d at 782 (quoting *Dyer*, 395 F.3d at 1211) (brackets from original quote omitted). Second, although Byers alleged at the hearing that her thyroid medicine caused dizziness, she had previously denied that the same medicine caused any side effects. (Tr. at 69, 369.) In fact, Byers frequently denied dizziness at medical appointments throughout the record. (Tr. at 422, "Negative for dizziness;" Tr. at 584, "Negative for . . . dizziness;" Tr. at 674, "Patient denies . . . dizziness;" Tr. at 690, "Patient denies . . . dizziness;" Tr. at 692, "Patient denies . . . dizziness;" Tr. at 694, "Patient denies . . . dizziness;" Tr. at 757, "No dizziness;" Tr. at 759, "No dizziness;" Tr. at 763, "No dizziness;" Tr. at 772, "No dizziness;" Tr. at 775, "No dizziness;" Tr. at 784, "No dizziness;" Tr. at 1065, "no dizziness;" Tr. at 1111, "No dizziness"). She also often denied medication side effects altogether. (Tr. at 611-12, 622, 627, 632).

Even assuming that the ALJ was required to discuss Plaintiff's alleged dizziness in particular, Plaintiff has identified no harm that requires remand. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will

11

stand."). This is because the ALJ accounted for any limitations that would be due to dizziness in Plaintiff's RFC. Specifically, the ALJ found that Plaintiff could never be exposed to workplace hazards such as moving mechanical parts and high exposed places, a reasonable limitation for a person experiencing dizziness. (Tr. at 1134-35). The ALJ also effectively addressed Plaintiff's allegations that she gets dizzy when she stands or walks for "too long" (tr. at 63) by limiting Plaintiff to sedentary work (tr. at 1134), which primarily involves sitting rather than standing or walking. 20 C.F.R. § 416.967(a). Hence, the ALJ's decision is sufficient for this Court to conclude that the ALJ considered the plaintiff's medical condition as a whole. *See Dyer*, 395 F.3d at 1211. Additionally, although Plaintiff argues in passing that the ALJ should have included additional limitations like dizziness in the hypothetical question posed to the VE, the "ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford*, 363 F.3d at 1161.

## IV.  Conclusion

Upon review of the administrative record, and considering Byers's argument, this Court finds the Commissioner's decision is

supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

    **DONE** and **ORDERED** on August 5, 2020.

                                            L. Scott Coogler  
                                  United States District Judge

201416